UNITED STATES DISTRICT COURT
for the
District of Maine

| | |
|---|---|
| THOMAS CRAVALHO, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>SCOTT BURNHEIMER, )<br>JEFFREY MERRILL, )<br>SHAWN EMERSON, )<br>SHAWN WELCH, )<br>GARY LaPLANTE, )<br>LESTER BAKER, and )<br>ERIC THOMSEN, )<br>)<br>Defendants. ) | COMPLAINT |

I.  JURISDICTION & VENUE

    1.  This is a civil action brought under 42 U.S.C. § 1983 and § 1985(1) seeking damages for deprivation of Plaintiff's Eighth Amendment rights to be protected from cruel and unusual punishment under color of state law.  This Court has jurisdiction under 28 U.S.C. § 1331 and § 1343(a)(1) and (2).

    2.  Venue is proper in the District of Maine under 28 U.S.C. § 1391(b)(2) because substantially all of the events and omissions giving rise to this Complaint took place in the Judicial District of Maine, specifically, in Windham, Cumberland County, Maine.  Venue may also be additionally based on 28 U.S.C. § 1391 (b)(1) because, on information and belief, all Defendants are residents of the District of Maine.

II.  PLAINTIFF

    Plaintiff, Thomas Cravalho, is presently a resident of Passadumkeag, Penobscot County, Maine.  At the time of the acts and omissions alleged in this Complaint, he was incarcerated at the Maine Correctional Center (MCC) in Windham, Maine, but he has since been discharged from incarceration and is no longer serving any criminal sentence of any kind.

III.  DEFENDANTS

    3.  Defendant, Scott Burnheimer was Superintendent of MCC at all times relevant to this

1

Complaint. He is sued in his individual capacity and is believed to be a resident of Gorham, Cumberland County, Maine.

4. Defendant Jeffrey Merrill was Deputy Superintendent in charge of Security of MCC at all times relevant to this Complaint. He is sued in his individual capacity and is believed to be a resident of Naples, Cumberland County, Maine.

5. Defendant Shawn Emerson was MPU Captain of the Security Guards of MCC at all times relevant to this Complaint. He is sued in his individual capacity and is believed to be a resident of Maine.

6. Defendant Shawn Welch was Captain of the Security Guards of MCC at all times relevant to this Complaint. He is sued in his individual capacity and is believed to be a resident of Maine.

7. Defendant Gary LaPlante was Director of Security of MCC at all times relevant to this Complaint. He is sued in his individual capacity and is believed to be a resident of Bridgton, Cumberland County, Maine.

8. Defendant Lester Baker was a Sergeant of the Security Guards of MCC at all times relevant to this Complaint. He is sued in his individual capacity and is believed to be a resident of Windham, Cumberland County, Maine.

9. Defendant Eric Thomsen was a Security Guard of MCC at all times relevant to this Complaint. He is sued in his individual capacity and is believed to be a resident of Maine.

10. Norman Bushey was a Security Guard of MCC at all times relevant to this Complaint. On information and belief, he is now deceased and therefore is not named as a Defendant in this matter.

IV. FACTS

11. The allegations of Paragraphs 1 through 10 of this Complaint, inclusive, are incorporated by reference.

12. On February 2, 2010, Plaintiff was an inmate at Maine Correctional Center (MCC), Windham, Maine. At approximately 11:30 a.m. on that day, Plaintiff was viciously attacked in his cell by another inmate named Antonio Pinto. Pinto was a huge man with a violent history that included assaulting a guard at the Supermax in Warren.

13. Plaintiff and Pinto were at all relevant times assigned to the same cell in South A-Pod Building, B Side. Plaintiff was non-violent, less than a month from release, and was serving a sentence as a sex offender. It is inexplicable why Plaintiff was assigned to the same cell as Pinto, an extremely dangerous inmate.

14. On information and belief there were rules then in place at MCC that prohibited

placing Plaintiff and Pinto in the same cell.

15. MCC staff in positions with authority over inmate cell placements knew or reasonably should have known that placing Plaintiff and Pinto in the same cell created an unreasonably high risk that Plaintiff would be assaulted and battered.

16. On information and belief, Defendant Scott Burnheimer, Jeffrey Merrill, and Gary LaPlante had supervisory authority over the placement of MCC inmates in particular cells at all times relevant to the allegations in this Complaint.

17. Shortly before the attack described in Paragraph 12 above, Plaintiff went to the clinic for a routine physical after lunch.  His side of the pod, B Side, ate first.  As Plaintiff returned to his cell from the clinic, the inmates on A Side were eating.  Two of them stepped from the dining area into the corridor area in violation of prison rules and blocked the security camera view of Plaintiff's cell and nearby areas.  That is when Pinto attacked.

18. Plaintiff remembers being clubbed in the head with something, likely a cloth bag filled with bars of soap.  Plaintiff was knocked to the floor, semi-conscious.  He has only vague memory of writhing in pain and trying to fend off blows.  Plaintiff is not sure how, but while he was being beaten he managed to get to the security call button and pressed it frantically.  It took nine minutes for guards to respond.  There was a guard station thirty feet away.

19. At all relevant times, the attack by Pinto upon Plaintiff alleged in Paragraph 12 above was reasonably foreseeable by persons in the positions of Defendants.

20. At all relevant times, Defendant Lester Baker was on duty monitoring security cameras including the camera specified in Paragraph 17 of this Complaint, and monitoring security call buttons including the call button specified in Paragraph 18 of this Complaint.

21. Plaintiff was systemically and savagely beaten.  His nose was broken in at least two places.  His face was beaten.  His ear was torn requiring sutures to put back in place.  He was hit fiercely in the kidneys and groin.  He urinated blood for three days.  His left testicle ached for two weeks.  He suffered a neck injury and permanent injury to discs at L2-3, L3-4, and L4-5, resulting in serious permanent back pain with pain and numbness in his left leg and right arm

22. Plaintiff also suffered significant psychological effects from this beating, including nightmares, intrusive thoughts, hyper-vigilance, and startle responses, that are significant and ongoing.

23. At all relevant times, Norman Bushey and Defendant Eric Thompsen, as Guards at MCC, were subject to supervisory control by the remaining Defendants, which supervisory control included their training, attention to complying with MCC rules, and general job performance; and Defendant Lester Baker, as a Sergeant of the Guards at MCC, was subject to the same supervisory control by all other Defendants except Norman Bushey and Defendant Eric Thomsen.

V.  LEGAL CLAIMS

24.  The allegations of Paragraphs 1 through 23 of this Complaint, inclusive, are incorporated by reference.

25.  The Defendants, or some or all of them, in their actions and failures to act, negligently or with deliberate indifference, failed to take reasonable measures to observe Plaintiff, the conditions, and the circumstances at South A-Pod on February 2, 2010 when Plaintiff was returning from his medical examination to his cell and when he then entered his cell, including the location and activities of Anthony Pinto and other inmates in the vicinity of Plaintiff's cell, monitoring the security camera at or near Plaintiff's cell and the adjacent corridor and monitoring the security alarm for Plaintiff's cell, resulting in the severe beating inflicted upon Plaintiff, and resulting in damages to Plaintiff arising from the impermanent and permanent physical and psychological injuries Plaintiff sustained, together with pain, suffering, and loss of enjoyment of life; and all being in violation of Plaintiff's Eighth Amendment right to be protected from cruel and unusual punishment; and the said actions or failures to act of Defendants were made under color of state law due to Defendants' employment roles in the Maine Department of Corrections.

26.  The Defendants, or some of them, in their actions and failures to act, negligently or with deliberate indifference, failed to take reasonable measures to protect Plaintiff from harm and violation of his Eighth Amendment rights as alleged in this Complaint.

27.  Defendants are jointly and severally liable for the harm to Plaintiff described in Paragraph 11 through 26 above and for the damages to which Plaintiff is entitled that result from such harm.

VII.  PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court enter Judgment in his favor against Defendants, jointly and severally, for $500,000.00 compensatory damages, for legal interest, court costs, attorney fees, and for all other relief the Court determines as reasonable in the circumstances of this case.

VIII.  JURY DEMAND

Plaintiff demands this cause be heard at trial by a jury as is his right.


Dated:  February 1, 2016                _/s/ Paul A. Weeks_____
                                        Paul A. Weeks, Esq. – Bar # 239
                                        Attorney for Plaintiff, Thomas Cravalho
                                        Paul Weeks Attorney, PA
                                        82 Columbia Street, Ste. B2
                                        Bangor, ME  04401-6357
                                        (207) 262-7199

UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

I hereby certify that on February 1, 2016, I electronically filed Complaint with the Clerk of Court using the CM/ECF system which will send notification of such filing(s) to the following: Scott Burnheimer, Jeffrey Merrill, Shawn Emerson, Shawn Welch, Gary LaPlante, Lester Baker, and Eric Thomsen, and I hereby certify that on February 1, 2016, I mailed by United States Postal Service, the document(s) to the following non-registered participants: None at this time.

_/s/ Paul A. Weeks_____
Paul Weeks Attorney, PA – Bar # 239
82 Columbia Street, Ste. B2
Bangor, ME  04401-6357
(207) 262-7199
pweeksatty@gmail.com