UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | | |
|---|---|---|
| THOMAS CRAVALHO, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | 2:16-cv-00048-NT |
| | ) | |
| SCOTT BURNHEIMER, et als. | ) | |
| | ) | |
| Defendants | ) | |

ANSWER

Defendants answer the Complaint as follows:

1. Paragraph 1 of the Complaint states legal assertions and no response is required.

2. Paragraph 2 of the Complaint state legal assertions, and no response is required.

II. Plaintiff

Defendants admit that plaintiff was incarcerated at the Maine Correctional Center at the time of the incident alleged in the Complaint and that he has since been discharged from custody there. Defendants neither admit nor deny the remaining allegations in this paragraph for lack of sufficient knowledge and information.

3. Defendants admit that defendant Burnheimer was superintendent of MCC at the time of the incident alleged in the Complaint.

4. Defendants admit that defendant Merrill was deputy superintendent of MCC at the time of the incident alleged in the Complaint.

5. Defendants admit that defendant Emerson was a captain in charge of the MPU at MCC at the time of the incident alleged in the Complaint.

6. Defendants admit that defendant Welch was a captain at MCC at the time of the incident alleged in the Complaint.

7. Defendants admit that defendant LaPlante was director of security at MCC at the time of the incident alleged in the Complaint.

8. Defendants admit that defendant Baker was a sergeant at MCC at the time of the incident alleged in the Complaint.

9. Defendants admit that defendant Thomsen was a corrections officer at MCC at the time of the incident alleged in the Complaint.

10. Defendants admit the allegations in Paragraph 10 of the Complaint.

11. Defendants repeat their responses to Paragraphs 1 through 10 of the Complaint.

12. Defendants admit that plaintiff was an inmate at MCC on the date alleged. Defendants neither admit nor deny the remaining allegations in Paragraph 12 of the Complaint for lack of sufficient knowledge and information.

13. Defendants admit that plaintiff and Pinto were assigned to the same cell. Defendants neither admit nor deny that plaintiff was non-violent and less than a month from release, for lack of sufficient knowledge and information. Defendants admit that plaintiff's incarceration was due to a sex offense but state that he was incarcerated for violating probation. Defendants deny the remaining allegations in Paragraph 13 of the Complaint.

14. To the extent that Paragraph 14 of the Complaint states a legal conclusion, no answer is required. To the extent that Paragraph 14 states an allegation of fact, defendants deny the allegations in Paragraph 14 of the Complaint.

15. To the extent that Paragraph 15 of the Complaint states a legal conclusion, no answer is required. To the extent that Paragraph 15 states an allegation of fact, defendants deny the allegations in Paragraph 15 of the Complaint.

16. Paragraph 16 of the Complaint states a legal conclusion, and no response is required.

17. Defendants neither admit nor deny the allegations in Paragraph 17 of the Complaint for lack of sufficient knowledge and information.

18. Defendants neither admit nor deny the allegations in Paragraph 18 of the Complaint for lack of sufficient knowledge and information.

19. To the extent that Paragraph 19 of the Complaint states a legal conclusion, no answer is required. To the extent that Paragraph 19 states an allegation of fact, defendants deny the allegations in Paragraph 19 of the Complaint.

20. Defendants neither admit nor deny the allegations in Paragraph 20 of the Complaint for lack of sufficient knowledge and information.

21. Defendants neither admit nor deny the allegations in Paragraph 21 of the Complaint for lack of sufficient knowledge and information, except that defendants deny plaintiff's assertion that all of the injuries alleged resulted from the alleged assault.

22. Defendants neither admit nor deny the allegations in Paragraph 22 of the Complaint for lack of sufficient knowledge and information.

23. Paragraph 23 of the Complaint states legal assertions, and no response is required.

24. Defendants repeat their responses to Paragraphs 1 through 23 of the Complaint.

25. To the extent that Paragraph 25 of the Complaint states legal conclusions, no response is required. To the extent that Paragraph 25 states factual allegations, defendants deny the allegations in Paragraph 25 of the Complaint.

26. To the extent that Paragraph 26 of the Complaint states legal conclusions, no response is required. To the extent that Paragraph 26 states factual allegations, defendants deny the allegations in Paragraph 26 of the Complaint.

27. To the extent that Paragraph 27 of the Complaint states legal conclusions, no response is required. To the extent that Paragraph 27 states factual allegations, defendants deny the allegations in Paragraph 27 of the Complaint.

WHEREFORE, defendants request that judgment be entered in their favor and that they be awarded costs and attorney fees.

AND FURTHER ANSWERING, defendants state:

## AFFIRMATIVE DEFENSES

1. The Complaint fails to state a claim upon which relief can be granted as to each of the defendants.

2. Each of the defendants is entitled to qualified immunity.

3. Plaintiff's claims are barred by his failure to exhaust available administrative remedies.

4. Plaintiff's injuries, if any, were caused by his own fault, and his recovery is barred.

5. Plaintiff's recovery, if any, must be reduced by an amount attributable to his own fault.

6. Plaintiff's injuries, if any, were caused by a third person for whose conduct these defendants are not legally responsible.

March 15, 2016                    ___/s/  James E. Fortin____
                                  James E. Fortin
                                  Assistant Attorney General
                                  James.Fortin@maine.gov

Office of the Attorney General
Six State House Station
Augusta, ME 04333
626-8800

Certificate of Service

    The undersigned hereby certifies that he electronically filed the above document with the Clerk of Court using the CM/ECF system, which will serve a copy on:

Paul A Weeks, Esq.
82 Columbia Street, Suite B2
Bangor, ME 04401-6357

March 15, 2016                          /s/ James E. Fortin
                                               James E. Fortin
                                               Assistant Attorney General