UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| THOMAS CRAVALHO, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | 2:16-cv-00048-NT |
| SCOTT BURNHEIMER, et al., | ) | |
| Defendants | ) | |

**RECOMMENDED DECISION ON SHOW CAUSE ORDER**

In this action, Plaintiff Thomas Cravalho alleges that Defendants violated his constitutional rights when they failed to protect him from an assault by an inmate at the Maine Correctional Center. At the time of the alleged assault, Plaintiff was incarcerated at the Correctional Center. When he commenced this action, Plaintiff was not incarcerated and was represented by counsel. (Complaint, ECF No. 1.)

On December 5, 2016, the Court granted counsel's motion to withdraw as counsel for Plaintiff. (ECF No. 23.) In the Order, the Court established January 5, 2017, as the deadline for Plaintiff to enter a pro se appearance or advise the Court that he had arranged for counsel to enter an appearance on his behalf.

Because the Court received no communication from Plaintiff, on January 18, 2017, the Court ordered Plaintiff to show cause, on or before February 3, 2017, why he failed to comply with the Court's order to arrange for counsel or inform the Court of his intention to proceed pro se. (ECF No. 24.) The Court cautioned Plaintiff that in the event he failed to show cause by February 3, Plaintiff's complaint could be dismissed. (*Id.*)

On February 2, 2017, Plaintiff filed a motion to extend the time for him to enter a pro se appearance or arrange for counsel to enter an appearance. (ECF No. 25.) The Court granted the motion and extended the time to March 6, 2017. (ECF No. 26.) Because the Court received no communication from Plaintiff before or in the two weeks after the March 6 deadline, on March 20, 2017, the Court ordered Plaintiff to show cause, on or before April 3, 2017, why he had not arranged for counsel to enter an appearance, or entered a pro se appearance. (ECF No. 28.) The Court again cautioned Plaintiff that failure to show cause could result in the dismissal of his complaint. (*Id.*) The Court has not received any communication from Plaintiff following his February 2, 2017, motion to extend time.

"In order to operate effectively and administer justice properly, courts must have the leeway 'to establish orderly processes and manage their own affairs.'" *Vazquez-Rijos v. Anhang*, 654 F.3d 122, 127 (1st Cir. 2011) (quoting *Young v. Gordon,* 330 F.3d 76, 81 (1st Cir. 2003)). "A district court's inherent powers to sanction parties for litigation abuses include the power to act *sua sponte* to dismiss a suit for failure to prosecute." *Diaz-Santos v. Dep't of Educ. of Commonwealth of P.R.*, 108 F. App'x 638, 640 (1st Cir. 2004).

When considering an appropriate sanction for failure to prosecute, a court "should consider the totality of events and then choose from the broad universe of available sanctions in an effort to fit the punishment to the severity and circumstances of the violation." *Young*, 330 F.3d at 81. Given Plaintiff's failure to communicate his intentions to the Court, a sanction other than dismissal, such as a monetary fine, indefinite stay, or preclusion of particular claims or evidence, would not serve the Court's interest in the orderly progression of the case on the docket.

An order of dismissal for failure to prosecute can be entered with prejudice or without prejudice. The sanction of dismissal with prejudice – *i.e.*, a sanction that would resolve the merits of the case in Defendants' favor – is reserved for the most extreme misconduct. *Id.* In this case, Plaintiff's failure to communicate with the court could be the product of uncertainty, rather than a disregard for the process. Under the circumstances, therefore, Plaintiff's conduct cannot fairly be characterized as extreme. Accordingly, dismissal without prejudice is appropriate.

Although dismissal with prejudice is not warranted, in this case, a dismissal without prejudice could have the same practical effect as a dismissal with prejudice. The injury about which Plaintiff complains allegedly occurred on February 2, 2010. (Complaint ¶ 12.) Maine's six-year statute of limitations for general civil claims applies to Plaintiff's claim under 42 U.S.C. § 1983. *See Small v. Inhabitants of City of Belfast*, 796 F.2d 544, 546 (1st Cir. 1986); 14 M.R.S.A. § 752 (2015). If the matter is dismissed without prejudice, the statute of limitations could present a bar to Plaintiff's ability to proceed on the claim if he decided to refile his complaint.

Based on the foregoing analysis, on the Order to Show Cause (ECF No. 28), I recommend the Court dismiss without prejudice Plaintiff's complaint, unless within 21 days of the date of this Recommended Decision, Plaintiff informs the Court that he intends to proceed with this matter.

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within twenty-one (21) days of being

served with a copy thereof.[1]  A responsive memorandum shall be filed within twenty-one (21) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 14th day of April, 2017.

---

[1] Although Federal Rule of Civil Procedure 72(b)(1) provides that a party must file an objection to a recommended decision within 14 days, because I have recommended the Court dismiss the complaint unless Plaintiff, within 21 days, notifies the Court of his intention to proceed with this matter, I have extended the objection period to correspond with Plaintiff's notification deadline.